UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ENRIQUE EVELIO RIVERA-ORTA            CASE NO.  1:26-CV-355 SEC P

VERSUS                                JUDGE ALEXANDER C. VAN HOOK

WARDEN, ET AL.                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed pro se by Enrique Evelio Rivera-Orta, ("Petitioner'), pursuant to 28 U.S.C. § 2241.  Petitioner was an immigration detainee at the Winn Correctional Center in Winnfield, Louisiana, when he filed this petition.  In his petition, he challenged his pre-removal-order detention and lack of a bond hearing.  He sought his immediate release from custody or a bond hearing and any other just and proper relief (Doc. 1).

The court ordered Respondents to file a response to this petition and Respondents complied on April 20, 2026 (Doc. 10).  Respondents claim that since Petitioner filed this petition, he has received final adjudication in his removal proceedings and is no longer detained under 8 U.S.C. § 1225 or § 1226 and is now detained under 8 U.S.C. § 1229c.

Respondents argue that the legal dispute at issue is now moot, and this petition should be dismissed.

Petitioner is a native and citizen of Cuba who appears to have illegally entered the United States without inspection on or about January 28, 2022.  On November 8, 2022, he was issued a Notice to Appear charging him with inadmissibility for being present in the United States without admission or parole (Doc. 10-1, p. 2).   Petitioner alleges he was taken into immigration custody on December 18, 2025 (Doc. 1).  On April 14, 2026, Petitioner appeared before the immigration court and was found inadmissible for being present in the United States without admission or parole.  The immigration judge granted Petitioner voluntary departure under safeguards and he was ordered to depart by May 14, 2026.  Petitioner's failure to depart by the required date would result in an alternate order of removal to Cuba taking effect immediately.  Petitioner waived his right to appeal (Docs. 10 and 10-2).

Petitioner did not file a reply to the Respondent's response.

The court takes judicial notice that Petitioner is no longer in ICE custody per the U.S. Immigration and Customs Enforcement online detainee locator system.  See https://locator.ice.gov/odls/#/search (A-Number "240-192-556" and Country of Birth "Cuba") (last visited May 26, 2026).

Because Petitioner was granted voluntary departure under safeguards and he is no longer in ICE custody, the petition should be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction because his claims are moot.

## LAW AND ANALYSIS

To the extent Petitioner challenges the fact or duration of his pre-removal-order detention and the denial of a bond hearing, these claims became moot when he was granted voluntary departure under safeguards and he became detained pursuant to 8 C.F.R. § 240.25(b) and 8 C.F.R. § 1240.26(b)(3).  See Rodriguez-Rodriguez v. Raycraft, 3:26-CV-667, 2026 WL 1453772, at *3 (N.D. Ohio May 22, 2026); Hidalgo v. Bullock, No. 2:26-cv-2217, 2026 WL 1287136, at *1 (W.D. Tenn. May 11, 2026) (Lipman, C.J.) (dismissing petitioner's habeas claims because he was not detained under § 1225 but under 8 C.F.R. § 240.25).  "Voluntary departure under safeguards appears to refer generally to a procedure involving detention until departure." El Badrawi v. United States, 787 F.Supp.2d 204, 232 (D. Conn.2011) See In re M–A–S–, 24 I. & N. Dec. 762, 766 (B.I.A.2009) ("the term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States"); Hernandez v. Warden, Eden Det. Ctr., 6:26-CV-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026).

Article III of the Constitution includes a case or controversy requirement for matters brought in the federal courts. This means that the plaintiff or petitioner must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 110 S.Ct. 1249, 1253 (1990).  Petitioner must continue to meet the case or controversy requirement.  Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

the outcome." <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).  Petitioner's petition challenging his pre-removal-order detention and lack of a bond hearing is moot because he was granted voluntary departure under safeguards.  Furthermore, it appears that Petitioner is no longer in ICE custody.  <u>See</u> <u>Dormeus v. Keisler</u>, 252 Fed.Appx. 611, 612 (5th Cir.2007).  If a controversy is moot, the court lacks subject matter jurisdiction.  <u>Carr v. Saucier</u>, 582 F.2d 14, 16 (5th Cir. 1978) (citing <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971); <u>Locke v. Board of Public Instruction</u>, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction because the claims presented are moot.

### OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 29th day of May 2026.

Mark L. Hornsby
U.S. Magistrate Judge
